# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| BRUNO ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 13-0290-WS-C |
| | ) | |
| INVACARE CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the plaintiff's motion to remand. (Doc. 10). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 10, 12, 13, 15), and the motion is ripe for resolution.

According to the complaint, (Doc. 1), defendant Invacare Corporation manufactured a rolling product to assist in walking and sitting, known as a "Rollator." Defendant F&K, Incorporated, operating as a pharmacy, sold this product to the plaintiff. Several months later, the product collapsed, causing the plaintiff physical injuries. Invacare removed on the basis of diversity. It is uncontroverted that both the plaintiff and F&K are Alabama citizens, but Invacare maintains that F&K was fraudulently joined, such that its citizenship may be ignored for diversity purposes.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). As applicable here, the removing defendant must show "by clear and convincing evidence" that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Henderson v. Washington National Insurance Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). "If there is even a possibility that a state court would find

that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Stillwell v. Allstate Insurance Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011) (internal quotes omitted). "In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998); *accord Stillwell*, 663 F.3d at 1333.

The plaintiff asserts several causes of action against F&K, but the Court need consider only one. The complaint alleges that F&K made and breached warranties of merchantability and fitness for a particular purpose. (Doc. 1, ¶¶ 16-17). The Alabama Supreme Court has recognized that a retail seller of a product it purchased from a manufacturer may be held liable to the consumer for breach of such warranties. *E.g., Sparks v. Total Body Essential Nutrition, Inc.*, 27 So. 3d 489 (Ala. 2009).

Invacare points to recent amendments to the Alabama Code, which provide that no product liability action may be maintained against a retailer or other "distributor" except in certain situations. Ala. Code §§ 6-5-501, -521. Because the definition of "product liability action" includes actions brought under theories of express and implied warranty, Invacare concludes that the plaintiff's warranty claims are barred as a matter of law. (Doc. 1 at 8-9).

As the plaintiff points out, however, the statutes identify several exceptions to the general rule, the fourth of which reads as follows:

> It is the intent of this subsection to protect distributors who are merely conduits of a product. This subsection is not intended to protect distributors from independent acts unrelated to the product design or manufacture, such as independent acts of negligence, wantonness, warranty violations, or fraud.

Ala. Code §§ 6-5-501(2)(a)(4), -521(b)(4). This language is less than clear, but it may plausibly be read as permitting the plaintiff to sue Invacare for breach of

warranty. *See Lazenby v. ExMark Manufacturing Co.*, 2012 WL 3231331 at *3 (M.D. Ala. 2012) (a claim for wanton marketing and sale of a product with knowledge it lacked an essential safety feature "plausibly rises to the level of an independent act unrelated to the product design or manufacture," so as to defeat a claim of fraudulent joinder).[1] The Alabama courts have not construed these new statutes and, until they do so, their meaning remains uncertain. Because the Court must "resolve any uncertainties about the applicable law in the plaintiff's favor," *Pacheco de Perez*, 139 F.3d at 1380, that uncertainty is fatal to removal.

Invacare does not address this argument in its responsive brief. Instead, it merely asserts (incorrectly) that the plaintiff has abandoned his warranty claims as a basis for remand and posits that such claims are in any event "facially barred by the plain language of" the statutes' definition of "product liability action." (Doc. 13 at 5, 8, 17). But without addressing the exception quoted above, Invacare cannot meet its heavy burden of showing there is no possibility the Alabama courts would construe the exception favorably to the plaintiff.

For the reasons set forth above, the plaintiff's motion to remand is **granted**. This action is **remanded** to the Circuit Court of Monroe County.

DONE and ORDERED this 9th day of October, 2013.

        s/ WILLIAM H. STEELE
        CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff argues that the plausibility of his interpretation is strengthened by the maxim that statutes "in derogation of common law must be strictly construed." *BMJA, LLC v. Murphy*, 41 So. 3d 751, 757 (Ala. 2010). It has not been made clear to the Court that this principle applies, because the plaintiff has not demonstrated that the Alabama courts deem a consumer's cause of action against a retailer for breach of implied warranty to stem from the common law rather than from Alabama's version of the UCC. Because the plaintiff is entitled to remand even without the benefit of this rule of construction, the Court need not examine it in more detail.